UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Stacy Lee Peltier,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | Case No. 14-cv-1398 (PJS/HB)<br><br>REPORT AND RECOMMENDATION |

Stacy Lee Peltier, Federal Correctional Institution-Sandstone, Unit F, P.O. Box. 1000, Sandstone, MN 55072, pro se

Benjamin F. Langer, United States Attorney's Office, 300 Fourth Street South, Suite 600, Minneapolis, MN 55415, for Respondent

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Stacy Lee Peltier's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] and Motion for Bond Pending Court's Decision [Doc. No. 11]. Peltier is presently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. He claims that his sentence should be vacated by reason of the United States Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013); *Alleyne v. United States*, 133 S. Ct. 2151 (2013); and *Begay v. United States*, 553 U.S. 137 (2008). The case was referred for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied and the case be dismissed without prejudice for lack of jurisdiction.

**I.     Background**

Peltier burglarized numerous commercial buildings in 1992 and 1993. *United States v. Peltier*, 276 F.3d 1003, 1005 (8th Cir. 2002). He pleaded guilty to eighteen counts of burglary and was sentenced to concurrent five-year terms of imprisonment in North Dakota state court. *Id.* Not long after his release from state prison, Peltier committed several federal crimes. On October 11, 2000, he was convicted in the United States District Court for the District of North Dakota of being a felon in possession of a firearm and for possessing a firearm while under indictment. (Resp't's Resp. Ex. 1 (Order at 1, *Peltier v. United States*, Case No. 1:13-cv-88 (D.N.D. Sept. 3, 2013) [Doc. No. 3-1].) On October 16, 2000, Peltier pleaded guilty to possessing methamphetamine with the intent to distribute. (*Id.*)

At a consolidated sentencing hearing on December 21, 2000, the court determined in the methamphetamine-possession case that Peltier was a career offender under U.S.S.G. § 4B1.1, because he was at least eighteen years old and had two earlier convictions for crimes of violence. *Peltier*, 276 F.3d at 1005; (Resp't's Resp. Ex. 1 at 1). In the firearm-possession case, the court determined that Peltier was an Armed Career Criminal under 18 U.S.C. § 924(e), because he had at least three prior convictions for violent felonies. *Peltier*, 276 F.3d at 1005; (Resp't's Resp. Ex. 1 at 1). Finding Peltier's criminal history overstated, however, the court granted a downward departure to a Guidelines range of 292 to 365 months. *Peltier*, 276 F.3d at 1005. Peltier was sentenced to concurrent sentences of 292 months on the firearm conviction and 210 months on the methamphetamine conviction. (Resp't's Resp. Ex. 1 at 1.) Peltier appealed, and the

convictions and sentences were affirmed. *Peltier*, 276 F.3d at 1005.

In 2003, Peltier filed a motion pursuant to 28 U.S.C. § 2255 with the sentencing court. (Resp't's Resp. Ex. 1 at 1.) The motion was denied on January 27, 2004, and Peltier did not appeal. (*Id.* at 1-2.)

On August 5, 2013, Peltier filed a 28 U.S.C. § 2241 petition with the sentencing court, challenging the legality of his sentence under *Descamps*, *Alleyne*, and *Begay*. (Resp't's Resp. Ex. 1 at 2; *see* Resp't's Resp. Ex. 2 (Resp't's Resp. to Application at 2, *Peltier v. United States*, No. 13-3343 (8th Cir. Nov. 7, 2013)) [Doc. No. 3-2].) The court denied the petition for lack of jurisdiction because Peltier was not incarcerated in North Dakota. (Resp't's Resp. Ex. 1 at 3.) The court refrained from commenting on the merits, but noted that, as a procedural matter, the issues should have been raised in a § 2255 motion instead of a § 2241 petition. (*Id.* at 3.) Given that the petition was not filed in the proper district, the court found that § 2255(e)'s savings clause could not apply, and that the savings clause would not apply in any event because Peltier had not shown § 2255 to be inadequate or ineffective to test the legality of his incarceration. (*Id.* at 4.) Finally, the court remarked that even if the § 2241 petition were construed as a § 2255 motion, the Eighth Circuit had not authorized Peltier to file a second § 2255 motion. (*Id.*)

Peltier next petitioned the Eighth Circuit for permission to file a successive § 2255 motion, on the grounds of *Descamps*, *Alleyne*, and *Begay*. (Def.'s Mot. Requesting Permission File Second Pet., *Peltier v. United States*, Case No. 13-3343 (8th Cir. Oct. 25, 2013). He argued that *Descamps* and *Begay* applied retroactively to his case, and that he could not have raised *Begay* in his first § 2255 motion because *Begay* had not been

decided at that time. (*Id.* at 2, 3.) Peltier also argued that, under *Alleyne*, the sentencing court could not have sentenced him as a career criminal without specific factual findings made by a jury. (*Id.* at 5.) In a one-sentence order issued on March 17, 2014, the Eighth Circuit denied the petition. (Resp't's Resp. Ex. 2 (J., *Peltier v. United States*, No. 13-3343 (8th Cir. Mar. 17, 2014)) [Doc. No. 3-2 at 1].)

Peltier filed his § 2241 petition [Doc. No. 1] in this Court approximately two months later, on May 5, 2014. Respondent timely responded to the petition [Doc. No. 3], and Peltier timely filed a reply [Doc. No. 4]. Although the Court ordered that no further submissions would be permitted absent express authorization, Respondent nonetheless filed a surreply [Doc. No. 5], to which Peltier both objected and responded in a surreply of his own [Doc. No. 6]. Peltier later filed a motion for release on bond pending a resolution of his habeas petition [Doc. No. 11]. Even though the surreplies and motion for release were not authorized by the Court, no party will be prejudiced and justice will be served best by consideration of the full record. Therefore, the Court will consider all submissions filed by either party to date.

**II.   Discussion**

Title 28 U.S.C. § 2241 and § 2255 provide federal prisoners with distinct forms of collateral relief. A prisoner "may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court." *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). Generally, § 2255 provides the "exclusive remedy" for a collateral attack on the validity of a sentence. *Rojas v. Apker*, 470 F. App'x 522,

4

523 (8th Cir. 2012).

Here, Peltier is challenging the validity of his sentence. Thus, he must bring his claims in a § 2255 motion filed in the district where he was sentenced, *see id.*, unless he can establish that § 2255 is "inadequate or ineffective to test the legality of his detention," *see* 28 U.S.C. § 2255(e).

Section 2255(e) provides in full:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This provision is sometimes called the "savings clause" because it can save a § 2241 petition from dismissal under § 2255's exclusive remedy rule. But if the prisoner cannot show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention," the Court lacks subject matter jurisdiction to entertain his § 2241 petition. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

Section 2255 does not define the phrase "inadequate or ineffective," but courts have interpreted it narrowly. *Swehla v. Wilson*, No. 13-cv-1919 (SRN/JJK), 2013 WL 6190379, at *8 (D. Minn. Nov. 27, 2013). The Eighth Circuit has determined that the remedy under § 2255 is not inadequate or ineffective in the following circumstances: (1) where "§ 2255 relief has already been denied," (2) when the "petitioner has been denied permission to file a second or successive § 2255 motion," (3) if "a second or successive § 2255 motion has been dismissed," or (4) in the event the "petitioner has

allowed the one year statute of limitations and/or grace period to expire." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Nor is the remedy inadequate or ineffective "where a petitioner had any opportunity to present his claim beforehand." *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004) (citing *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003)). "Significantly, in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill*, 349 F.3d at 1091. The petitioner bears the burden to show that the savings clause applies. *Id.*

In addition, when a prisoner relies on a new rule of law in asserting that § 2255 is inadequate or ineffective, as Peltier does here, the rule must apply retroactively on collateral review. *See United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002) (stating that § 2255 is not inadequate or ineffective when the new rule of law does not apply retroactively); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Only the United States Supreme Court may declare a new rule retroactively applicable on collateral review. *Perez*, 286 F.3d at 1062.

### A. Peltier's *Descamps* Claim

Peltier challenges under *Descamps* the sentencing court's findings that he was an Armed Career Criminal under 18 U.S.C. § 924(e) and a career offender under U.S.S.G. § 4B1.1. The Court finds that Peltier cannot avail himself of *Descamps*, however, because he cannot show that § 2255 is inadequate or ineffective.

First, *Descamps* did not establish a new rule of law. *See, e.g., Beard v. Wilson*, No. 13-cv-3613 (PJS/FLN), 2015 WL 627880, at *1 (D. Minn. Feb. 10, 2015)

("*Descamps* did not represent a change in the law.") (citing *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014)). Rather, the United States Supreme Court "revers[ed] the lower court because that court's decision 'contravene[d] our prior decisions and the principles underlying them.'" *Beard*, 2015 WL 627880, at *1 (quoting *Descamps*, 133 S. Ct. at 2282). Moreover, "*Descamps* did not overturn Eighth Circuit precedent," but confirmed this Circuit's approach to "determining the proper approach in evaluating previous convictions for the purposes of ACCA sentencing enhancements." *Id.* (citing *United States v. Boaz*, 558 F.3d 800, 808 (8th Cir. 2009)). As with the petitioner in *Beard*, nothing precluded Peltier from making a *Descamps*-type argument in his first § 2255 motion. *See id.*

A second reason why Peltier cannot show that § 2255 is inadequate or ineffective is that *Descamps* does not apply retroactively on collateral review. *See Wilson v. Warden, FCC Coleman*, No. 13-11560, 2014 WL 4345685, at *3 (11th Cir. Sept. 3, 2014) (per curiam); *Whittaker v. Chandler*, No. 13-11280, 2014 WL 2940449, at *1 (5th Cir. July 1, 2014) (per curiam); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014); *Hernandez v. United States*, No. 14-cv-4958 (JNE/TNL), 2015 WL 470839, at *4 (D. Minn. Feb. 4, 2015); *Dunklin v. Wilson*, No. 13-cv-2411 (PJS/JSM), 2014 WL 5464250, at *5 (D. Minn. Oct. 27, 2014); *Snyder v. Wilson*, No. 14-cv-2047 (PAM/LIB), 2014 WL 3767845, at *5 (D. Minn. July 31, 2014). Presuming that the Supreme Court announces a *new* rule of law, the rule generally does not have retroactive effect unless it puts "certain 'primary, private individual conduct beyond the power of criminal law-making to proscribe,'" or the rule is a "'watershed rule[ ] of criminal procedure.'"

7

*Dunklin*, 2014 WL 5464250, at *5 (quoting *Teague v. Lane*, 489 U.S. 288, 311 (1989) (quotation omitted in *Dunklin* and alteration in *Dunklin*). Neither is the case here. As this Court concluded above, *Descamps* did not announce a new rule of law, much less a groundbreaking rule of criminal procedure. Nor did *Descamps* place certain private individual conduct outside the bounds of criminal law. Peltier's sentences were imposed on December 21, 2000, and *Descamps* was decided more than twelve years later on June 20, 2013. Accordingly, because *Descamps* does not apply retroactively, Peltier cannot rely on *Descamps* on collateral review.

Finally, the unavailability of *Descamps* at the time of Peltier's sentencing and first § 2255 motion does not automatically mean that the remedy provided by § 2255 is inadequate or ineffective. *See Beard*, 2015 WL 627880, at *1. Indeed, Peltier had an opportunity to raise—and did raise—his *Descamps* argument in his petition to the Eighth Circuit to file a second or successive § 2255 motion. The Eighth Circuit's denial of that petition did not open the door for Peltier to present his argument through a § 2241 petition. *See Lurie*, 207 F.3d at 1077.

    B.    **Peltier's *Alleyne* Claim**

Peltier next argues that his sentence violates *Alleyne*, which held in relevant part that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. Peltier's *Alleyne* claim faces the same retroactivity roadblock as his *Descamps* claim.

Like *Descamps*, *Alleyne* does not apply retroactively on collateral review. *E.g.*, *Hernandez v. United States*, No. 14-cv-4958 (JNE/TNL), 2015 WL 470839, at *3 (D.

Minn. Feb. 4, 2015) (quoting *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014) ("[N]either Alleyne itself nor any later Supreme Court decision holds that Alleyne is retroactive.")); *Dunklin*, 2014 WL 5464250, at *4 ("There is nothing whatsoever in the case law to suggest that *Alleyne* should apply retroactively.  Indeed, exactly the opposite is true.") (citation omitted); *see also United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014); *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).  *Alleyne* neither announced a watershed rule of criminal procedure nor placed certain private individual conduct outside the bounds of criminal law.  *E.g.*, *Reyes*, 755 F.3d at 212.

Furthermore, Peltier had an opportunity to raise—and did raise—his *Alleyne* argument in his petition to the Eighth Circuit to file a second or successive § 2255 motion.  The Eighth Circuit's denial of that petition does not allow Peltier to present his *Alleyne* argument now through a § 2241 petition.  *See Lurie*, 207 F.3d at 1077.

### C. Peltier's *Begay* Claim

Peltier argues that, under *Begay*, his prior state convictions cannot be considered violent felonies.  Respondent concedes that *Begay* was made retroactive to cases on collateral review, but contends that Peltier squandered his chance to bring a *Begay* claim by not timely asking for leave to file a second or successive § 2255 motion.

The Eighth Circuit has recognized that *Begay* applies retroactively to individuals sentenced as career offenders under the Guidelines, at least under U.S.S.G. § 2K2.1(a)(2).  *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010).  Under § 2255, the one-year period of limitation for Peltier to bring his *Begay* claim commenced on January 15, 2008,

9

the date *Begay* was decided. *See* § 2255(f)(3) (providing that a one-year limitations period "shall apply to a motion under this section. The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."). But Peltier did not file a § 2255 motion or seek permission to file a second or successive § 2255 motion during the year after *Begay* was decided. Thus, any such petition or motion would now be time-barred by § 2255(f)(3). That Peltier may not utilize § 2255 because his one-year limitations period has expired does not render § 2255 ineffective or inadequate so as to allow a § 2241 petition. *See Abdullah*, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because . . . a remedy under that section is time-barred."); *Lurie*, 207 F.3d at 1077.

### D. Peltier's Request for an Evidentiary Hearing

Peltier asks for an evidentiary hearing "to determine the true facts of what took place outside of what the record holds." (Pet. at 17.) A federal court must grant an evidentiary hearing on a § 2241 petition when there are genuine factual disputes. *Kendrick v. Carlson*, 995 F.2d 1440, 1446 (8th Cir. 1993). Here, the claims asserted in the petition can be resolved on the basis of the existing record, and there are no factual disputes concerning the effectiveness or adequacy of the remedy provided by § 2255. Consequently, Peltier is not entitled to an evidentiary hearing.

### E. Peltier's Motion for Bond Pending Court's Decision

Peltier has filed a motion for release on bond pending a final decision on his

petition. "Release on bail pending disposition of the habeas petition, or pending appeal, requires the habeas petitioner to show not only a substantial federal constitutional claim that 'presents not merely a clear case on the law, but a clear, and readily evident, case on the facts,' . . . but also the existence of 'some circumstance making [the request] exceptional and deserving of special treatment in the interests of justice.'" *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (quoting *Aronson v. May*, 85 S. Ct. 4, 5 (1964); *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972)) (alteration in *Martin*). "Habeas petitioners are rarely granted release on bail pending disposition or pending appeal." *Id.*

Here, Peltier does not have a substantial constitutional claim presenting a clear case on the law and the facts, nor does any circumstance make his request exceptional and deserving of special treatment. Consequently, the Court recommends the denial of Peltier's motion for bond.

### F. Whether to Transfer or Dismiss Without Prejudice

As a final matter, the Court must decide whether to transfer Peltier's habeas petition to the sentencing district or dismiss it without prejudice. "In some cases, a habeas petition that is barred by the exclusive-remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so that the prisoner's claims can be addressed on the merits there." *Dunklin*, 2014 WL 5464250, at *6. When a petitioner's claims are time-barred or clearly meritless, however, it is appropriate to deny the petition and dismiss without prejudice the case for lack of jurisdiction. *Id.* at *1, 6; *Brooks v. Caraway*, No. 14-cv-2263 (PAM/TNL), 2014 WL 3400615, at *2 (D. Minn. July 10, 2014). Accordingly, the Court recommends that

11

the petition be denied and the case be dismissed without prejudice for lack of jurisdiction.

### III. Recommendation

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Stacy Lee Peltier's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED**;

2. The case be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and

3. Peltier's Motion for Bond Pending Court's Decision [Doc. No. 11] be **DENIED**.


Dated: March 17, 2015            s/ *Hildy Bowbeer*
                                 HILDY BOWBEER
                                 United States Magistrate Judge


### NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 6, 2015**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. A judge shall make a *de novo* determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.